### BYNUM v. SCOTT et al.
### No. 1023.

Court of Civil Appeals of Texas. Waco.
May 21, 1931.

Rehearing Denied June 18, 1931.

S. O. Lovejoy, of Houston, C. L. Bass, of Houston, on appeal, for appellant.

T. R. Mears, of Gatesville, for appellees.

BARCUS, J.

On October 25, 1928, appellant executed his promissory note for $167.25, payable to Bill Smitherman, or order, on or before June 25, 1929, providing for 10 per cent. attorney's fees, and secured by a chattel mortgage on personal property of the alleged value of $190. There was written on the face of the note, the statement: "This note is to be paid $20.00 per month." Said note, without being in-

dorsed, was sold and delivered to appellees by Bill Smitherman in part payment for an automobile. In August, 1929, appellees filed this suit on said note against appellant in the justice court, where they recovered judgment for the amount of the note, with 10 per cent. attorney's fees and 6 per cent. interest from maturity, together with a foreclosure of the mortgage lien. The cause was appealed to the county court, where a similar judgment was rendered.

Appellant, under oath, denied the allegation of appellees that they were holders of the note for value before maturity, and specially plead, under oath, that there was no consideration given for the note in that Bill Smitherman, the payee therein, agreed and obligated himself to transfer to appellant for said note, a mail route or contract for carrying the United States mail from Gatesville to Pearl, Tex., and return, and he alleged that said Smitherman did not so transfer said mail route or contract. He further alleged that if it should be found said mail route or contract was actually transferred to him, that same was illegal and void because in contravention of the United States statutes. The cause was tried to a jury, and at the conclusion of the testimony the court instructed the jury to return a verdict for appellees.

 Appellant complains of the action of the court in giving a peremptory instruction, his contention being that the question of failure of consideration for the note was raised by the evidence if it did not show as a matter of law that the consideration failed. We sustain this proposition. Appellant testified that the note was executed by him for a contract to carry mail between Gatesville and Pearl. He further testified that the mail route or contract was not transferred to him. This testimony was not disputed. If the consideration for which the note was given failed, or if there was no consideration for the note, then appellees were not entitled to recover. The evidence having raised these issues, the trial court should not have instructed a verdict for appellees.

While appellees alleged they were holders in due course before maturity, the testimony shows without dispute that the note was not indorsed until during the trial of the case in the county court. Section 30 of the Negotiable Instruments Act, article 5934 of the Revised Statutes, provides that a note "payable to order it is negotiated by the indorsement of the holder completed by delivery." Section 49 of the Negotiable Instruments Act provides specifically that "for the purpose of determining whether the transferee is a holder in due course, the negotiation takes effect as of the time when the indorsement is actually made." The note in question not having been indorsed until during the

trial of the case in the county court, which was long after its maturity, appellees were not holders in due course for value before maturity. Ingraham v. England (Tex. Civ. App.) 258 S. W. 278; Ellington v. Commercial State Bank (Tex. Civ. App.) 15 S.W.(2d) 59; Id. (Tex, Com. App.) 24 S.W.(2d) 359.

Appellant further contends that the note was void and is therefore unenforceable, because given in consideration of the transfer or assignment to him of a mail route or contract for the carrying of mail between Gatesville and Pearl. 39 USCA § 445 provides, in effect, that one who has a contract for carrying mail may transfer, sublet, or assign same upon the approval of the Postmaster General. In Myers v. Pickett, 81 Tex. 53, 16 S. W. 643, our Supreme Court held that an assignment or transfer of a contract for carrying mail was not void, but was simply voidable at the instance of the government. Since it is not shown that the contract for carrying mail was actually made, and since the facts with reference to the matter have not been fully developed, we do not deem it necessary to and we do not pass on the question as to whether the note is void.

For the error indicated, the judgment of the trial court is reversed, and the cause remanded.