

NUMBER 13-10-00051-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| NAOMI C. CARDONA, RUTH C. REYES,<br>AND EDWARD DINN, | Appellants, |
| v. | |
| EVITA GARCIA, INDIVIDUALLY AND<br>AS PERSONAL REPRESENTATIVE<br>OF ADAN CASTILLO CUEVAS, | Appellee. |

### On appeal from the 117th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Benavides**
**Memorandum Opinion by Justice Rodriguez**

This is an appeal from a summary judgment (2009 Judgment) entered in a bill of review and declaratory judgment action filed by appellee Evita C. Garcia, individually and as personal representative of Adan Castillo Cueva (the Garcias). The trial court granted summary judgment in favor of the Garcias. Through the 2009 Judgment, the trial court

vacated and set aside a judgment rendered on April 24, 2007 (2007 Judgment) that denied the Garcias' request to partition the family home. Additionally, the trial court declared that the Garcias' rights to the property had not been affected by the 2007 Judgment and that they had not been divested of any rights to that property.

Appellants Naomi C. Cardona, Ruth C. Reyes, and Edward Dinn (the Cardonas) appeal the 2009 Judgment. By six issues, which we consider as five, the Cardonas contend that (1) the Garcias failed to present summary judgment evidence in the bill of review proceeding that they were without fault in failing to present a meritorious defense in the 2007 proceeding, (2) the Garcias failed to present summary judgment evidence in the bill of review proceeding that they exercised due diligence in pursuing their legal remedies after the 2007 Judgment was entered against them, (3) the summary judgment was improper because the Garcias' claim of judicial mistake does not qualify as an official mistake for bill of review relief, (4) the Garcias' claims of fraud are based on events in the 2007 litigation and are thus claims of intrinsic fraud which do not support summary judgment on this equitable bill of review claim, and (5) a declaratory judgment action may not be used to collaterally attack or to interpret a prior final judgment. We reverse and remand.

## I. BACKGROUND[1]

### A. THE 2007 PARTITION SUIT[2]

In 2007, the Garcias filed suit against their siblings, Cardona, Reyes, and Zulema

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

[2] The 2007 partition suit, trial court cause number 07-163-B, was filed in the 117th Judicial District Court of Nueces County, Texas.

C. Rios, to partition, by sale, the family home[3] of the parties' parents, Eva C. and Manuel Cuevas. The Garcias claimed that an undivided interest in the property passed to them after their mother died intestate in 1975. However, the parties' father, who died testate in 1992, left the property to one child, Rios.[4]

The defendants in the 2007 partition suit filed a motion for summary judgment alleging that (1) neither the Garcias nor the defendants had an interest in the real property because it was sold on November 11, 2006; and (2) in the alternative, the Garcias were not entitled to a partition of the property because they did not inherit their mother's one-half interest of the community property in 1975, rather their father did. The Garcias did not file a response and did not attend the April 24, 2007 hearing.[5] Following the hearing, without stating the basis for its ruling, the trial court granted the motion which, in effect, denied the Garcias' partition request. The Garcias timely filed a motion for rehearing asking the trial court to set aside the April 24, 2007 judgment and to reset the case for trial. The motion was overruled by operation of law. The Garcias did not appeal from the 2007 Judgment.

### B. THE 2009 BILL OF REVIEW AND DECLARATORY JUDGMENT SUIT[6]

In 2009, the Garcias filed a petition for bill of review seeking to set aside the 2007

---

[3] The legal description of the family home is Lot Sixteen (16), Block Seven (7), Inwood Village Unit One (1), a subdivision of the City of Corpus Christi, Nueces County, Texas. The street address is 4614 Vestal, Corpus Christi, TX 78416. It is undisputed that the property is no longer owned by any of the parties.

[4] Rios died during the course of the proceedings. Her son, Edward Jones Dinn, was named a defendant in the 2009 proceeding and is a named party in this appeal.

[5] The Garcias acknowledged receipt of notice of the April 24, 2007 hearing in their motion for rehearing.

[6] The 2009 suit was filed in the 117th District Court in Nueces County, Texas, as trial court cause number 09-351-B.

Judgment. The petition alleged that, at the time the partition suit was filed, all siblings were the undivided interest owners and heirs of their mother's one-half interest in the community property. The petition claimed that the 2007 judgment was granted erroneously because the Cardona defendants, acting by and through their attorney's misrepresentation and fraud without any fault or negligence of the Garcias, sought summary judgment based on section 45 of the Texas Probate Code that was effective September 1, 1993, and not on the applicable section 45 of the code from 1975 that vested interest in the Garcias upon their mother's death. In the alternative, the Garcias sought a declaration that the statute applicable to their mother's estate was section 45 of the Texas Probate Code, effective January 1, 1956 to September 1, 1993. The Garcias also requested "a declaratory judgment to determine the rights and interest of the parties" with regard to their mother's property.

The Garcias filed a motion for summary judgment claiming entitlement to a bill of review because: (1) they had proven their meritorious defense to the 2007 Judgment, i.e., that the trial court erred when it applied the wrong law; (2) the Cardonas engaged in extrinsic fraud; and (3) the Garcias were not at fault. The motion did not, however, address due diligence.

In the motion, the Garcias also requested that summary judgment be granted on their declaratory judgment action, should the trial court deny their bill of review. The Garcias stated that the basis for such declaratory relief was that "there [was] no issue of fact that [their] partition suit did not determine the interest rights of [the Garcias]." In their motion, the Garcias asserted that no request for a determination of ownership of the property was made in the original answer to the partition suit, and therefore, if the bill of

4

review was denied, the trial court should "grant them a summary judgment for a declaratory judgment that the order on the summary judgment did nothing to [a]ffect the ownership interest rights of [the Garcias] and they [were] free to claim an interest on the property of the [estate of their mother]."[7] The Cardonas did not file a response to the Garcias' motion for summary judgment and did not offer any evidence or attend the hearing on the motion.

The trial court granted summary judgment on the Garcias' petition for bill of review and set aside and vacated the original 2007 Judgment. It also granted summary judgment on the Garcias' request for declaratory relief, declaring that the Garcias' inheritance rights through their mother on the property in question had not been affected by the 2007 Judgment and that they had not been divested of any property rights they had or may have had in that property. The Cardonas appeal from the 2009 Judgment.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

When a trial court grants summary judgment in a bill of review proceeding, we review the summary judgment using the ordinary summary judgment standards of review. *See Boaz v. Boaz*, 221 S.W.3d 126, 130 (Tex. App.–Houston [1st Dist.] 2006, no pet.). Declaratory judgments decided by summary judgment are also reviewed under the same standards of review that govern summary judgments generally. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.010 (Vernon 2008); *Ski River Dev., Inc. v. McCalla*, 167 S.W.3d 121, 133 (Tex. App.–Waco 2005, pet. denied); *In re Estate of Schiwetz*, 102 S.W.3d 355,

---

[7] The language in the Garcias' motion appears to be responsive to a proceeding brought in County Court at Law Number 3, trial court cause number 45594-4, by Santa I. Gonzales, the current owner of the real property at issue in this case. In that proceeding, Gonzales filed an application to determine heirship. In her affidavit filed in support of her application, Gonzales claimed that "because the district court already made the determination of the ownership of said Property, it would be res adjudicata [sic] to re-litigate this matter."

5

365 (Tex. App.–Corpus Christi 2003, no pet.).

A trial court's grant of summary judgment is reviewed de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). In a traditional summary judgment motion, the movant must "show that except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion …." TEX. R. CIV. P. 166a(c); *see Provident Life and Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003).

In the absence of a response to a traditional motion for summary judgment, as in this case, a trial court may not grant a summary judgment motion by default when the movant's summary judgment proof is legally insufficient; the motion must stand or fall on its own merits. TEX. R. CIV. P. 166a(c); *Rhone-Paulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999); *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993). And, when the nonmovant fails to respond, its grounds for appeal are limited to a challenge of the legal sufficiency of the moving party's motion and supporting evidence. *McConnell*, 858 S.W.2d at 343; *see City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979); *Shih v. Tamisiea*, 306 S.W.3d 939, 944 (Tex. App.–Dallas 2010, no pet.); *Tello v. Bank One*, 218 S.W.3d 109, 118-19 (Tex. App.–Houston [14th Dist.] 2007, no pet.). On appeal, however, "the movant still bears the burden of showing that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." *Rhone-Poulenc, Inc.*, 997 S.W.2d at 223 (citing *Nixon v. Mr. Prop. Mgt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985)).

"A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal."

6

*Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004) (per curiam); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). Because the bill of review procedure conflicts with the fundamental policy that judgments must become final, the grounds on which a bill of review can be obtained are narrow. *Chapman*, 118 S.W.3d at 751 (citing *Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996, 998 (1950)); *Temple v. Archambo*, 161 S.W.3d 217, 222 (Tex. App.–Corpus Christi 2005, no pet.). "The rules are not to be relaxed merely because it may appear in some particular case that an injustice has been done." *Alexander*, 226 S.W.2d at 998; *see Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 927 (Tex. 1999) (per curiam).

Traditionally, a bill of review requires proof of three elements: (1) a meritorious defense to the underlying cause of action; (2) that was not asserted due to fraud, accident, or wrongful act of an opponent, or official mistake; (3) unmixed with any fault or negligence of the movant. *Ross v. Nat'l Ctr. for the Employment of the Disabled*, 197 S.W.3d 795, 797 (Tex. 2006) (per curiam); *Caldwell v. Barnes*, 975 S.W.2d 535, 537 (Tex. 1998). As part of the burden to obtain relief by bill of review, petitioners are also required to prove that they used due diligence to protect their legal rights after judgment. *Wembley Inv. Co.*, 11 S.W.3d at 927; *Barnes*, 975 S.W.2d at 537; *Mowbray v. Avery*, 76 S.W.3d 663, 682 n.28 (Tex. App.–Corpus Christi 2002, pet. denied). "If legal remedies were available but ignored, relief by equitable bill of review is unavailable." *Wembley Inv. Co.*, 11 S.W.3d at 927 (citing *Barnes*, 975 S.W.2d at 537); *Rizk v. Mayad*, 603 S.W.2d 773, 775 (Tex. 1980); *Garza v. Atty. Gen. of Tex.*, 166 S.W.3d 799, 817-18 (Tex. App.–Corpus Christi 2005, no pet.).

### III. BILL OF REVIEW ANALYSIS

By their second issue, the Cardonas contend, in part, that the Garcias' failure to present summary judgment evidence that established due diligence in pursuing their legal remedies after the 2007 Judgment was entered against them is fatal to their claim for relief through a bill of review proceeding. Under the facts of this case, this challenge to the legal sufficiency of the Garcias' motion and supporting evidence to establish due diligence is a proper ground for appeal, and we will review it accordingly. *See McConnell*, 858 S.W.2d at 343.

Without addressing due diligence in their motion for summary judgment, the Garcias concede that they "defaulted in the [2007] summary judgment proceeding." Now, on appeal, they claim that they did, in fact, timely avail themselves of available means to contest the 2007 Judgment when they filed their motion for rehearing. They argue that by doing so they exercised due diligence, due diligence which allowed them to proceed with a bill of review.[8]

As bill of review petitioners, the Garcias were "required to exercise due diligence in pursuing all adequate legal remedies against a former judgment." *Wembley Inv. Co.*, 11 S.W.3d at 927. As movants for summary judgment in this equitable bill of review proceeding, the Garcias also had the burden to show, as a matter of law, that they

---

[8] The Garcias also summarily respond that because the trial court applied an incorrect version of section 45 of the probate code, the 2007 order granting summary judgment is void and not merely voidable; therefore, due diligence was not necessary to attack a void judgment and did not preclude them from filing a bill of review. *See McEwen v. Harrison*, 162 Tex. 125, 345 S.W.2d 706, 710-11 (Tex. 1961) (explaining when and how void judgments may be attacked). However, this responsive argument, without citation to authority or to the record, is made for the first time on appeal, and we will not consider it. *See Stiles v. Resolution Trust Corp.*, 867 S.W.2d 24, 26 (Tex. 1993) ("[A] summary judgment cannot be affirmed on grounds not expressly set out in the motion.…"); *see also* Tex. R. App. P. 38.1(i) (providing that an appellate court will only consider contentions that are supported by clear and concise arguments with appropriate citations to authorities and to the record).

diligently pursued all available legal remedies.  *See* TEX. R. CIV. P. 166a(c); *Wembley Inv. Co.*, 11 S.W.3d at 927.   In other words, the Garcias were required to prove, through the summary judgment evidence, that they did not ignore any available legal remedies but rather undertook to protect their legal rights.  *See Wembley Inv. Co.*, 11 S.W.3d at 927.

Considering the facts of this case and the heavy burden placed on the Garcias because the grounds on which a bill of review can be obtained are narrow, *see Chapman*, 118 S.W.3d at 751, we cannot conclude that the Garcias established, as a matter of law, that they diligently pursued all available remedies against the 2007 Judgment.   The record reveals that on May 23, 2007, after the trial court denied the Garcia's request for partition, the Garcias timely filed a motion for rehearing.   This motion was overruled by operation of law.   Although the Garcias were aware of the 2007 Judgment, as shown by the filing of the motion, the record does not show what inquiries, if any, the Garcias made regarding the status of the motion for rehearing or the need for a hearing on the motion. The record does not show what other actions, if any, the Garcias took to pursue the relief requested in their pending motion.   Neither does the record establish whether the Garcias filed an appeal in an effort to protect their legal rights after the 2007 Judgment became final.   Therefore, we conclude that a fact issue exists regarding due diligence. The Garcias failed to meet their summary judgment burden to show that there is no genuine issue regarding whether they used due diligence to protect their legal rights after judgment and were entitled to a bill of review.   See TEX. R. CIV. P. 166a(c); *Provident Life and Acc. Ins. Co.*, 128 S.W.3d at 216; *Wembley Inv. Co.*, 11 S.W.3d at 927.   We conclude the trial court erred in granting summary judgment in favor of the Garcias

9

because they failed to conclusively establish each required element of their bill of review. We sustain the Cardonas' second issue.[9]

## IV. DECLARATORY JUDGMENT ANALYSIS

By their fifth issue, the Cardonas complain that the declaratory judgment action may not be used to collaterally attack or interpret a prior final judgment; thus, summary judgment was improper. This appellate challenge is not reviewable because the Cardonas did not respond to the Garcias' motion for summary judgment and their grounds for appeal are limited to challenges of legal sufficiency. *See McConnell*, 858 S.W.2d at 343. However, the Garcias must still show that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Rhone-Paulenc, Inc.*, 997 S.W.2d at 223. Therefore, we will determine, by this issue, whether the Garcias are entitled to judgment as a matter of law on their request for declaratory relief.

In their motion for summary judgment on their declaratory judgment action, the Garcias urged, in relevant part, that their motion should be granted "because there is no issue of fact that the [2007] partition suit did not determine the interest rights of [the Garcias]." The sole argument presented in support of this statement follows:

> The … original answer to [the Garcias'] original suit to partition real property did not ask for a determination of ownership of the property in question.… Therefore, if [the Garcias'] request for bill of review is denied, [the Garcias] are requesting that this Honorable Court grant them a summary judgment for a declaratory judgment that the [2007] order on the summary judgment did nothing to [a]ffect the ownership interest rights of [the Garcias] and they are free to claim an interest on the property of the Estate of Eva C. Cuevas.

---

[9] Having determined that fact issues remain regarding due diligence, we need not address the Cardonas' additional issues that challenge the remaining elements necessary to a bill of review. *See* TEX. R. APP. P. 47.1.

The only exhibit attached to their summary judgment motion which the Garcias claim supports this argument is a copy of the original answer filed by defendant Rios. Our review of the record, however, reveals no evidence supporting this generally stated proposition.

Without more, we cannot conclude that the Garcias established, through their summary judgment evidence, that there was no issue of fact that the 2007 partition suit *did not* determine their interest rights. Therefore, without determining whether the declaratory action was properly brought in the alternative to the bill of review proceeding, we conclude that the Garcias' motion for summary judgment requesting declaratory relief does not stand on its merits and was granted in error. We, therefore, sustain the fifth issue on this basis.

## V. CONCLUSION

Accordingly, we reverse the trial court's judgment vacating and setting aside the 2007 Judgment that denied the Garcias' request to partition the family home and declaring that the Garcias' rights to the property had not been affected by the 2007 Judgment and that they had not been divested of any rights to that property and remand for further proceedings consistent with this opinion.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
17th day of March, 2011.

11