NUMBER 13-10-00051-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI - EDINBURG  

                                                                                                                     


 

NAOMI C. CARDONA,
RUTH C. REYES,

AND EDWARD DINN,                                  
                                Appellants,

 

v.

 

EVITA GARCIA,
INDIVIDUALLY AND 

AS PERSONAL
REPRESENTATIVE 

OF ADAN CASTILLO
CUEVAS,                                             Appellee.

                                                                                             
                          

 

On appeal from the 117th
District Court 

of Nueces County,
Texas.

                                                                                                                     


 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Benavides 

Memorandum Opinion by
Justice Rodriguez

 

This is an appeal from a summary
judgment (2009 Judgment) entered in a bill of review and declaratory judgment
action filed by appellee Evita C. Garcia, individually and as personal
representative of Adan Castillo Cueva (the Garcias).  The trial court granted
summary judgment in favor of the Garcias.  Through the 2009 Judgment, the trial
court vacated and set aside a judgment rendered on April 24, 2007 (2007
Judgment) that denied the Garcias' request to partition the family home.  Additionally,
the trial court declared that the Garcias' rights to the property had not been
affected by the 2007 Judgment and that they had not been divested of any rights
to that property.

Appellants Naomi C. Cardona, Ruth C.
Reyes, and Edward Dinn (the Cardonas) appeal the 2009 Judgment.  By six issues,
which we consider as five, the Cardonas contend that (1) the Garcias failed to
present summary judgment evidence in the bill of review proceeding that they
were without fault in failing to present a meritorious defense in the 2007
proceeding, (2) the Garcias failed to present summary judgment evidence in the
bill of review proceeding that they exercised due diligence in pursuing their
legal remedies after the 2007 Judgment was entered against them, (3) the summary
judgment was improper because the Garcias' claim of judicial mistake does not
qualify as an official mistake for bill of review relief, (4) the Garcias'
claims of fraud are based on events in the 2007 litigation and are thus claims
of intrinsic fraud which do not support summary judgment on this equitable bill
of review claim, and (5) a declaratory judgment action may not be used to
collaterally attack or to interpret a prior final judgment.  We reverse and
remand.

I.  Background[1]

A.  The 2007 Partition Suit[2]

            In
2007, the Garcias filed suit against their siblings, Cardona, Reyes, and Zulema
C. Rios, to partition, by sale, the family home[3]
of the parties' parents, Eva C. and Manuel Cuevas.  The Garcias claimed that an
undivided interest in the property passed to them after their mother died
intestate in 1975.  However, the parties' father, who died testate in 1992,
left the property to one child, Rios.[4]

The defendants in the 2007 partition
suit filed a motion for summary judgment alleging that (1) neither the Garcias
nor the defendants had an interest in the real property  because it was sold on
November 11, 2006; and (2) in the alternative, the Garcias were not entitled to
a partition of the property because they did not inherit their mother's
one-half interest of the community property in 1975, rather their father did. 
The Garcias did not file a response and did not attend the April 24, 2007
hearing.[5] 
Following the hearing, without stating the basis for its ruling, the trial
court granted the motion which, in effect, denied the Garcias' partition
request.  The Garcias timely filed a motion for rehearing asking the trial
court to set aside the April 24, 2007 judgment and to reset the case for
trial.  The motion was overruled by operation of law.  The Garcias did not
appeal from the 2007 Judgment.

B.  The 2009 Bill of Review and Declaratory
Judgment Suit[6]

            In 2009, the Garcias filed a petition for
bill of review seeking to set aside the 2007 Judgment.  The petition alleged
that, at the time the partition suit was filed, all siblings were the undivided
interest owners and heirs of their mother's one-half interest in the community
property.  The petition claimed that the 2007 judgment was granted erroneously
because the Cardona defendants, acting by and through their attorney's
misrepresentation and fraud without any fault or negligence of the Garcias,
sought summary judgment based on section 45 of the Texas Probate Code that was
effective September 1, 1993, and not on the applicable section 45 of the code
from 1975 that vested interest in the Garcias upon their mother's death.  In
the alternative, the Garcias sought a declaration that the statute applicable
to their mother's estate was section 45 of the Texas Probate Code, effective
January 1, 1956 to September 1, 1993.  The Garcias also requested "a
declaratory judgment to determine the rights and interest of the parties"
with regard to their mother's property.

The Garcias filed a motion for summary judgment claiming entitlement
to a bill of review because:  (1) they had proven their meritorious defense to
the 2007 Judgment, i.e., that the trial court erred when it applied the wrong
law; (2) the Cardonas engaged in extrinsic fraud; and (3) the Garcias were not
at fault.  The motion did not, however, address due diligence.

In the motion, the Garcias also requested that summary
judgment be granted on their declaratory judgment action, should the trial
court deny their bill of review.  The Garcias stated that the basis for such
declaratory relief was that "there [was] no issue of fact that [their]
partition suit did not determine the interest rights of [the Garcias]." 
In their motion, the Garcias asserted that no request for a determination of
ownership of the property was made in the original answer to the partition
suit, and therefore, if the bill of review was denied, the trial court should
"grant them a summary judgment for a declaratory judgment that the order
on the summary judgment did nothing to [a]ffect the ownership interest rights
of [the Garcias] and they [were] free to claim an interest on the property of
the [estate of their mother]."[7] 
The Cardonas did not file a response to the Garcias' motion for summary
judgment and did not offer any evidence or attend the hearing on the motion.

The trial court granted summary judgment on the Garcias'
petition for bill of review and set aside and vacated the original 2007 Judgment. 
It also granted summary judgment on the Garcias' request for declaratory
relief, declaring that the Garcias' inheritance rights through their mother on
the property in question had not been affected by the 2007 Judgment and that
they had not been divested of any property rights they had or may have had in
that property.  The Cardonas appeal from the 2009 Judgment.

II.  Standard of Review and Applicable Law

When a trial court grants summary
judgment in a bill of review proceeding, we review the summary judgment using
the ordinary summary judgment standards of review.  See Boaz v. Boaz,
221 S.W.3d 126, 130 (Tex. App.–Houston [1st Dist.] 2006, no pet.).  Declaratory
judgments decided by summary judgment are also reviewed under the same
standards of review that govern summary judgments generally.  See Tex. Civ. Prac. & Rem. Code Ann. §
37.010 (Vernon 2008); Ski River Dev., Inc. v. McCalla, 167 S.W.3d 121,
133 (Tex. App.–Waco 2005, pet. denied); In re Estate of Schiwetz, 102
S.W.3d 355, 365 (Tex. App.–Corpus Christi 2003, no pet.).

A trial court's grant of summary
judgment is reviewed de novo.  Valence Operating Co. v. Dorsett, 164
S.W.3d 656, 661 (Tex. 2005).  In a traditional summary judgment motion, the
movant must "show that except as to the amount of damages, there is no
genuine issue as to any material fact and the moving party is entitled to
judgment as a matter of law on the issues expressly set out in the motion
.…"  Tex. R. Civ. P. 166a(c);
see Provident Life and Acc. Ins. Co. v. Knott, 128 S.W.3d 211, 216 (Tex.
2003).

In the absence of a response to a
traditional motion for summary judgment, as in this case, a trial court may not
grant a summary judgment motion by default when the movant's summary judgment
proof is legally insufficient; the motion must stand or fall on its own
merits.  Tex. R. Civ. P. 166a(c);
Rhone-Paulenc, Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999); McConnell
v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 343 (Tex. 1993).  And, when
the nonmovant fails to respond, its grounds for appeal are limited to a
challenge of the legal sufficiency of the moving party's motion and supporting
evidence.  McConnell, 858 S.W.2d at 343; see City of Houston
v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979); Shih v.
Tamisiea, 306 S.W.3d 939, 944 (Tex. App.–Dallas 2010, no pet.); Tello v.
Bank One, 218 S.W.3d 109, 118-19 (Tex. App.–Houston [14th Dist.] 2007, no
pet.).  On appeal, however, "the movant still bears the burden of showing
that there is no genuine issue of material fact and that the movant is entitled
to judgment as a matter of law."  Rhone-Poulenc, Inc., 997 S.W.2d at
223 (citing Nixon v. Mr. Prop. Mgt. Co., 690 S.W.2d 546, 548 (Tex.
1985)).

            "A
bill of review is an equitable proceeding brought by a party seeking to set
aside a prior judgment that is no longer subject to challenge by a motion for
new trial or appeal."  Caldwell v. Barnes, 154 S.W.3d 93, 96 (Tex.
2004) (per curiam); King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751
(Tex. 2003).  Because the bill of review procedure conflicts with the
fundamental policy that judgments must become final, the grounds on which a
bill of review can be obtained are narrow.  Chapman, 118 S.W.3d at 751
(citing Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996, 998 (1950));
Temple v. Archambo, 161 S.W.3d 217, 222 (Tex. App.–Corpus Christi 2005,
no pet.).  "The rules are not to be relaxed merely because it may appear
in some particular case that an injustice has been done."  Alexander,
226 S.W.2d at 998; see Wembley Inv. Co. v. Herrera, 11 S.W.3d 924, 927
(Tex. 1999) (per curiam).

Traditionally, a bill of review requires
proof of three elements:  (1) a meritorious defense to the underlying cause of
action; (2) that was not asserted due to fraud, accident, or wrongful act of an
opponent, or official mistake; (3) unmixed with any fault or negligence of the
movant.  Ross v. Nat'l Ctr. for the Employment of the Disabled, 197
S.W.3d 795, 797 (Tex. 2006) (per curiam); Caldwell v. Barnes, 975 S.W.2d
535, 537 (Tex. 1998).  As part of the burden to obtain relief by bill of
review, petitioners are also required to prove that they used due diligence to
protect their legal rights after judgment.  Wembley Inv. Co., 11 S.W.3d
at 927; Barnes, 975 S.W.2d at 537; Mowbray v. Avery, 76 S.W.3d
663, 682 n.28 (Tex. App.–Corpus Christi 2002, pet. denied).  "If legal
remedies were available but ignored, relief by equitable bill of review is
unavailable."  Wembley Inv. Co., 11 S.W.3d at 927 (citing Barnes,
975 S.W.2d at 537); Rizk v. Mayad, 603 S.W.2d 773, 775 (Tex. 1980); Garza
v. Atty. Gen. of Tex., 166 S.W.3d 799, 817-18 (Tex. App.–Corpus Christi
2005, no pet.).

 

III. 
Bill of Review Analysis

By their second issue, the Cardonas
contend, in part, that the Garcias' failure to present summary judgment
evidence that established due diligence in pursuing their legal remedies after
the 2007 Judgment was entered against them is fatal to their claim for relief
through a bill of review proceeding.  Under the facts of this case, this
challenge to the legal sufficiency of the Garcias' motion and supporting
evidence to establish due diligence is a proper ground for appeal, and we will
review it accordingly.  See McConnell, 858 S.W.2d at 343.

Without addressing due diligence in
their motion for summary judgment, the Garcias concede that they
"defaulted in the [2007] summary judgment proceeding."  Now, on
appeal, they claim that they did, in fact, timely avail themselves of available
means to contest the 2007 Judgment when they filed their motion for rehearing. 
They argue that by doing so they exercised due diligence, due diligence which
allowed them to proceed with a bill of review.[8]

As bill of review petitioners, the
Garcias were "required to exercise due diligence in pursuing all adequate
legal remedies against a former judgment."  Wembley Inv. Co., 11
S.W.3d at 927.  As movants for summary judgment in this equitable bill of
review proceeding, the Garcias also had the burden to show, as a matter of law,
that they diligently pursued all available legal remedies.  See Tex. R. Civ. P. 166a(c); Wembley
Inv. Co., 11 S.W.3d at 927.  In other words, the Garcias were required to
prove, through the summary judgment evidence, that they did not ignore any
available legal remedies but rather undertook to protect their legal rights.  See
Wembley Inv. Co., 11 S.W.3d at 927.

Considering the facts of this case and
the heavy burden placed on the Garcias because the grounds on which a bill of
review can be obtained are narrow, see Chapman, 118 S.W.3d at
751, we cannot conclude that the Garcias established, as a matter of law, that
they diligently pursued all available remedies against the 2007 Judgment.  The
record reveals that on May 23, 2007, after the trial court denied the Garcia's
request for partition, the Garcias timely filed a motion for rehearing.  This
motion was overruled by operation of law.  Although the Garcias were aware of
the 2007 Judgment, as shown by the filing of the motion, the record does not
show what inquiries, if any, the Garcias made regarding the status of the motion
for rehearing or the need for a hearing on the motion.  The record does not
show what other actions, if any, the Garcias took to pursue the relief
requested in their pending motion.  Neither does the record establish whether
the Garcias filed an appeal in an effort to protect their legal rights after
the 2007 Judgment became final.  Therefore, we conclude that a fact issue
exists regarding due diligence.  The Garcias failed to meet their summary
judgment burden to show that there is no genuine issue regarding whether they
used due diligence to protect their legal rights after judgment and were entitled
to a bill of review.  See Tex. R. Civ.
P. 166a(c); Provident Life and Acc. Ins. Co., 128 S.W.3d at 216; Wembley
Inv. Co., 11 S.W.3d at 927.  We conclude the trial court erred in granting
summary judgment in favor of the Garcias because they failed to conclusively
establish each required element of their bill of review.  We sustain the
Cardonas' second issue.[9]

IV.  Declaratory Judgment Analysis

By their fifth issue, the Cardonas complain that the
declaratory judgment action may not be used to collaterally attack or interpret
a prior final judgment; thus, summary judgment was improper.  This
appellate challenge is not reviewable because the Cardonas did not respond to
the Garcias' motion for summary judgment and their grounds for appeal are
limited to challenges of legal sufficiency.  See McConnell, 858 S.W.2d
at 343.  However, the Garcias must still show that there is no genuine issue of
material fact and that they are entitled to judgment as a matter of law.  See
Tex. R. Civ. P. 166a(c); Rhone-Paulenc,
Inc., 997 S.W.2d at 223.  Therefore, we will determine, by this issue,
whether the Garcias are entitled to judgment as a matter of law on their
request for declaratory relief.

            In their motion for summary judgment on their
declaratory judgment action, the Garcias urged, in relevant part, that their
motion should be granted "because there is no issue of fact that the
[2007] partition suit did not determine the interest rights of [the
Garcias]."  The sole argument presented in support of this statement
follows:

The … original answer to [the Garcias'] original suit to
partition real property did not ask for a determination of ownership of the property
in question.…  Therefore, if [the Garcias'] request for bill of review is
denied, [the Garcias] are requesting that this Honorable Court grant them a
summary judgment for a declaratory judgment that the [2007] order on the
summary judgment did nothing to [a]ffect the ownership interest rights of [the
Garcias] and they are free to claim an interest on the property of the Estate
of Eva C. Cuevas.

 

The only exhibit attached to their summary judgment
motion which the Garcias claim supports this argument is a copy of the original
answer filed by defendant Rios.  Our review of the record, however, reveals no
evidence supporting this generally stated proposition.

Without more, we cannot conclude that
the Garcias established, through their summary judgment evidence, that there
was no issue of fact that the 2007 partition suit did not determine
their interest rights.  Therefore, without determining whether the declaratory
action was properly brought in the alternative to the bill of review
proceeding, we conclude that the Garcias' motion for summary judgment
requesting declaratory relief does not stand on its merits and was granted in
error.  We, therefore, sustain the fifth issue on this basis.

V.  Conclusion

Accordingly, we reverse the trial
court's judgment vacating and setting aside the 2007 Judgment that denied the
Garcias' request to partition the family home and declaring that the Garcias'
rights to the property had not been affected by the 2007 Judgment and that they
had not been divested of any rights to that property and remand for further proceedings
consistent with this opinion.

 

 

                                                                                                             NELDA
V. RODRIGUEZ

                                                                                                             Justice

 

Delivered
and filed the 

17th
day of March, 2011.









[1] Because this is a
memorandum opinion and the parties are familiar with the facts, we will not
recite them here except as necessary to advise the parties of the Court's
decision and the basic reasons for it.  See Tex. R. App. P. 47.4.

 





[2] The 2007 partition
suit, trial court cause number 07-163-B, was filed in the 117th Judicial
District Court of Nueces County, Texas.

 





[3] The legal
description of the family home is Lot Sixteen (16), Block Seven (7), Inwood
Village Unit One (1), a subdivision of the City of Corpus Christi, Nueces
County, Texas.  The street address is 4614 Vestal, Corpus Christi, TX 78416. 
It is undisputed that the property is no longer owned by any of the parties.

 





[4] Rios died during the
course of the proceedings.  Her son, Edward Jones Dinn, was named a defendant
in the 2009 proceeding and is a named party in this appeal.

 





[5] The Garcias
acknowledged receipt of notice of the April 24, 2007 hearing in their motion
for rehearing.

 





[6] The 2009 suit was
filed in the 117th District Court in Nueces County, Texas, as trial court cause
number 09-351-B.

 





[7] The language in the
Garcias' motion appears to be responsive to a proceeding brought in County Court at Law
Number 3, trial court cause number 45594-4, by Santa I. Gonzales, the current
owner of the real property at issue in this case.  In that proceeding, Gonzales
filed an application to determine heirship.  In her affidavit filed in support
of her application, Gonzales claimed that "because the district court
already made the determination of the ownership of said Property, it would be
res adjudicata [sic] to re-litigate this matter."

 





[8] The Garcias also
summarily respond that because the trial court applied an incorrect version of
section 45 of the probate code, the 2007 order granting summary judgment is
void and not merely voidable; therefore, due diligence was not necessary to
attack a void judgment and did not preclude them from filing a bill of review. 
See McEwen v. Harrison, 162 Tex. 125, 345 S.W.2d 706, 710-11 (Tex. 1961)
(explaining when and how void judgments may be attacked).  However, this responsive argument,
without citation to authority or to the record, is made for the first time on
appeal, and we will not consider it.  See Stiles v. Resolution Trust Corp.,
867 S.W.2d 24, 26 (Tex. 1993) ("[A] summary judgment cannot be affirmed on
grounds not expressly set out in the motion.…"); see also Tex. R. App. P. 38.1(i) (providing that an appellate court will only
consider contentions that are supported by clear and concise arguments with
appropriate citations to authorities and to the record).

 





[9]
Having determined that fact
issues remain regarding due diligence, we need not address the Cardonas'
additional issues that challenge the remaining elements necessary to a bill of
review.  See Tex. R. App. P. 47.1.