Harold CALDWELL, Petitioner,

v.

Robert F. BARNES, Respondent.

No. 97–0161.

Supreme Court of Texas.

Argued Feb. 3, 1998.

Decided May 8, 1998.

Rehearing Overruled Oct. 15, 1998.

Gus E. Pappas, Houston, for Petitioner.

Thomas O. Matlock, Kelly K. McKinnis, McAllen, for Respondent.

HECHT, Justice, delivered the opinion of the Court.

Petitioner seeks to set aside a default judgment by bill of review. The court of appeals affirmed summary judgment for respondent. 941 S.W.2d 182. The principal issues we address are *first*, whether exhaustion of legal remedies not only in Texas but in other jurisdictions is a prerequisite to relief by bill of review, and *second*, whether petitioner's action is barred by laches even though it was filed within the statutory limitations period. We reverse and remand to the district court for further proceedings.

## I

Robert Barnes sued Harold Caldwell and others in Hidalgo County in April 1989, asserting various causes of action arising from business transactions in Texas. Barnes hired DeWayne Perdew, a private process server, to serve Caldwell in Colorado. The return of service filed in the case reflects that Perdew hand-delivered process to Caldwell in Jefferson County, Colorado on July 30, 1989. However, Caldwell swears he was never served, and Perdew has since averred by affidavit that he did not serve Caldwell as the return stated and could not have done so because he was in Wyoming at the time with his former girlfriend. An affidavit by Perdew's former girlfriend corroborates Perdew's retraction, as do affidavits from five persons in various other lawsuits whom Perdew said he served on July 30, 1989, but who state that they, too, were never served. When Caldwell did not answer, Barnes obtained a default judgment against him for $15,500,000, which was severed from the main action and made final on December 6, 1989. The record does not reflect that the clerk sent notice of the default judgment to Caldwell as required by Rule 306a(3), TEX.R. CIV. P., and Caldwell swears he never received any such notice.

Caldwell states that he first learned of the judgment twenty-two months later, in September 1991, when Barnes domesticated it in Colorado pursuant to the Uniform Enforcement of Foreign Judgments Act. COLO.REV. STAT. §§ 13–53–101 to 13–53–108. By then, of course, the time had expired for Caldwell to move for new trial, TEX.R. CIV. P. 306a(4), 329b (120 days from the date the judgment is signed absent notice or knowledge of judgment), appeal directly, TEX.R.APP. P. 26.1(a) (formerly TEX.R.APP. P. 41(a)) (thirty days after the judgment is signed if no motion for new trial is filed, or ninety days if a motion for new trial is filed), or to appeal by writ of error, TEX.R.APP. P. 26.1(c) (formerly TEX. R.APP. P. 45(d)) (six months from the date the judgment is signed). His only remaining recourse under Texas law was a bill of review, but Caldwell did not file one immediately. Nor did he attempt to challenge the judgment based on Colorado law, which permits a domesticated judgment to be collaterally attacked if it is based on fraud, is void, or has been discharged. *Marworth, Inc. v. McGuire*, 810 P.2d 653, 655 (Colo.1991) (citing COLO. R. CIV. P. 60(b)). The parties dispute whether a challenge to the domesticated judgment based on Colorado law could have succeeded.

Nine months later, in June 1992, Barnes filed an enforcement action in Colorado. Caldwell answered, but his answer did not include an assertion that he was never served

in the Texas proceeding. Caldwell states that he raised the issue at an early hearing in the action, but that the court refused to allow the return of service in the Texas file to be thus impeached. Barnes has not disputed this assertion.

Caldwell states that in May 1993 he located Perdew, who confessed that he had not and could not have personally served Caldwell. On May 3, 1993, Caldwell filed a motion in the Colorado court of domestication collaterally attacking the domesticated judgment. Barnes responded by filing a declaratory judgment action in Texas seeking to have the original default judgment declared valid. Caldwell answered and moved for a new trial in the original action. The parties and the district court treated this proceeding as a bill of review. Both parties moved· for summary judgment. Caldwell asserted that his and Perdew's affidavits, along with the corroborating affidavits mentioned above, established that he was never served in the original Texas proceeding, and therefore that the judgment should be set aside. Barnes asserted that Caldwell was not entitled to relief because he had not exhausted his legal remedies in Colorado and he had waited too long to file his bill of review. The district court granted summary judgment for Barnes. The court of appeals affirmed, holding that under Colorado law Caldwell had legal remedies against enforcement of the Texas judgment, that he was required to exhaust those remedies before bringing a bill of review, and that he did not do so. 941 S.W.2d at 188–189. The court also held that Caldwell's bill of review was barred by laches because his delay in challenging the default judgment prejudiced Caldwell, who had incurred some $275,000 in legal fees trying to enforce the judgment in Colorado. *Id.* at 189–190.

We granted Caldwell's application for writ of error to review the court of appeals' holdings. 41 TEX. SUP. CT. J. 96 (Nov. 13, 1997).

## II

■ A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal. *Transworld Fin. Serv. Corp. v. Briscoe*, 722 S.W.2d 407, 407 (Tex.1987); *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex.1979); *Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996, 998 (1950). To set aside a judgment by bill of review, "petitioner must ordinarily plead and prove (1) a meritorious defense to the cause of action alleged to support the judgment, (2) that he was prevented from making by the fraud, accident or wrongful act of his opponent, (3) unmixed with any fault or negligence of his own." *Transworld*, 722 S.W.2d at 408; *accord, Baker*, 582 S.W.2d at 406–407; *Alexander*, 226 S.W.2d at 998.

■ The summary judgment evidence does not establish whether Caldwell was served in the original Texas proceeding because the original return of service conflicts with Caldwell's, Perdew's, and the others' subsequent affidavits; there remains a genuine issue of fact regarding whether Caldwell was served. If he was not served, constitutional due process relieves him of showing a meritorious defense, *Peralta v. Heights Medical Ctr., Inc.*, 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988), he is not required to show that Barnes's fraud, accident or wrongful act prevented him from presenting such a defense, *Texas Industries, Inc. v. Sanchez*, 525 S.W.2d 870 (Tex.1975), and his own want of fault or negligence is established. But Barnes argues that even if Caldwell was not served, he cannot obtain relief by bill of review because he did not avail himself of remedies provided by Colorado law and because he delayed too long in filing a bill of review to Barnes's prejudice. We examine each argument in turn.

## A

■ Ordinarily, a person must "exercise[ ] due diligence to avail himself of all adequate legal remedies against a former judgment" before filing a bill of review. *Tice v. City of Pasadena*, 767 S.W.2d 700, 702 (Tex.1989); *Rizk v. Mayad*, 603 S.W.2d 773, 775 (Tex.1980); *French v. Brown*, 424 S.W.2d 893, 895 (Tex.1967). Barnes does not argue that Caldwell failed to use diligence in pursuing legal remedies under Texas law because, as we have noted, if Caldwell did not receive

notice of the judgment until September 1991, no legal remedies remained available to him. Rather, Barnes argues, and the court of appeals held, that Caldwell did not pursue legal remedies available to him under Colorado law. Whether any such remedies existed, and whether they were adequate, is not clear. The Colorado Supreme Court's decision in *Marworth, Inc. v. McGuire*, 810 P.2d 653 (Colo.1991), suggests that a person may move to have domestication of a foreign judgment denied on the basis that the judgment was rendered in violation of the person's due process rights. *Id.* at 657–658. But it is unclear whether Caldwell could successfully have moved the Colorado court not to domesticate the Texas judgment based solely on his assertion that he was never served—a collateral attack—or whether a motion would still have been timely twenty months later when Caldwell obtained Perdew's statement that he had never served Caldwell with process.

We need not attempt to decide these difficult issues of Colorado law, however, because we think that a judgment debtor in Texas need only pursue with diligence his legal remedies under Texas law. The availability of relief by bill of review in Texas should not depend on the fortuity that avoidance of the judgment is provided by the jurisdiction in which the judgment creditor happens to seek enforcement. Suppose, for example, that P obtains a default judgment in Texas against D1 and D2 without serving either, and after no legal relief from the judgment remains under Texas law, seeks to enforce the judgment against D1 in a state that affords legal relief from the judgment, and against D2 in a state that does not. Under the rule Barnes urges, D2 would be permitted relief by bill of review, but D1 would not, merely because of P's choice of jurisdictions in which to seek enforcement of the judgment. Moreover, a Texas court should not be required to determine difficult issues under another state's laws before affording equitable relief from its own judgment. We therefore hold that relief by bill of review cannot be denied Caldwell simply because Colorado law may also afford him relief.

**B**

■ Barnes also argues, and again the court of appeals agreed, that Caldwell's bill of review is barred by laches because of his delay in bringing it. Since a bill of review is equitable in nature, laches may be raised as a defense to its prosecution. *Myers v. Pickett*, 81 Tex. 53, 16 S.W. 643, 644 (1891). "Two essential elements of laches are (1) unreasonable delay by one having legal or equitable rights in asserting them; and (2) a good faith change of position by another to his detriment because of the delay." *Rogers v. Ricane Enterprises, Inc.*, 772 S.W.2d 76, 80 (Tex.1989).

■ The residual four-year statute of limitations applies to bills of review. Tex. Civ. Prac. & Rem.Code § 16.051; *see Levy v. Roper*, 113 Tex. 356, 256 S.W. 251, 253–254 (1923). The present action, which the parties have treated as a bill of review proceeding, was filed within four years of the default judgment's rendition and less than two years after Caldwell first learned of the judgment. "Generally in the absence of some element of estoppel or such extraordinary circumstances as would render inequitable the enforcement of petitioners' right after a delay, laches will not bar a suit short of the period set forth in the limitation statute." *Barfield v. Howard M. Smith Co.*, 426 S.W.2d 834, 840 (Tex. 1968); *accord, K & G Oil Tool & Serv. Co. v. G & G Fishing Tool Serv.*, 158 Tex. 594, 314 S.W.2d 782, 790–791 (1958); *Culver v. Pickens*, 142 Tex. 87, 176 S.W.2d 167, 170–171 (1943). Laches should not bar an action on which limitations has not run unless allowing the action "would work a grave injustice". *Culver*, 176 S.W.2d at 170.

In *Barfield*, a landlord delayed nearly four years in suing for unpaid rent on a lease after a tenant had vacated the premises. The Court refused to hold that laches barred the suit when limitations did not, even though the landlord offered no explanation for the delay, and the tenant argued that had he known of the landlord's claim earlier he would either have tried to set aside the lease or use the premises. *Barfield*, 426 S.W.2d at 840. In *K & G*, the Court rejected defendant's argument that plaintiff should have filed its action for the misappropriation of trade secrets earlier, even though it was not barred by limitations, because during the

delay defendant continued to develop and market the product with the information plaintiff claimed was proprietary. *K & G,* 314 S.W.2d at 790–791. In *Culver,* the Court held that laches could not bar an action for constructive trust on which limitations had not run because defendants had not been prejudiced by the delay. *Culver,* 176 S.W.2d at 170–171.

In only two cases has this Court held that a bill of review was barred by laches even though limitations had not run. In *Ruland v. Ley,* 135 Tex. 591, 144 S.W.2d 883, 884–885 (1939), the Court held that a plaintiff's unexplained delay of four months in filing a bill of review to set aside a dismissal for want of prosecution without notice was barred by laches. In *Myers v. Pickett,* 81 Tex. 53, 16 S.W. 643, 644–645 (1891), the Court held that plaintiffs' two-year delay in filing a bill of review was not adequately explained by plaintiffs' assertion that they were not aware of the law that gave them grounds for setting aside the judgment against them.

Assuming that these cases were correctly decided, we believe they are distinguishable from the present case. Caldwell's explanation for delay—that he believed he could not hope to have the judgment set aside without evidence supporting his contention that he was never served—is adequate. The Colorado court in the enforcement action refused to entertain Caldwell's unsupported assertion that he had not been served. Although Caldwell delayed twenty months after learning of the default judgment before seeking relief in Texas, he asserted his claims in this action within weeks of learning that Perdew would impeach his own return of service. Nor was Barnes prejudiced by Caldwell's delay because of the attorney fees expended in enforcing the judgment. At the beginning of the enforcement action Caldwell stated that he had not been served, and from that point on Barnes knew of Caldwell's position. Barnes in effect argues that Caldwell should have been required to seek relief by bill of review on weak evidence or else lose the right to do so when stronger evidence became available simply because Caldwell was trying to enforce the judgment in the meantime. We reject this argument.

Allowing Caldwell to pursue this bill of review certainly does not work a grave injustice justifying the application of laches to bar an action on which limitations had not run. On the contrary, it would be most inequitable to allow Barnes to wait twenty-two months to enforce his judgment, after all appellate avenues were foreclosed to Caldwell, even though he knew Caldwell's whereabouts, and then deny Caldwell relief by bill of review after a delay of two months less due to the unavailability of evidence. Caldwell states that early in the Colorado enforcement proceeding he asserted that he had not been served in Texas. Certainly from that point forward, Barnes's decision to expend attorney fees attempting to enforce the judgment was his own. We therefore hold that Caldwell's bill of review action, brought within the statutory limitations period, is not barred by laches.

\* \* \* \* \*

For the reasons explained, Barnes was not entitled to summary judgment. As noted above, Caldwell was not entitled to summary judgment because a fact issue remains whether default judgment was rendered against him without service. Accordingly, we reverse the judgment of the court of appeals and remand the case to the district court for further proceedings.