# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00376-CV

**Troy Lane Tate and Jorge Juarez, Appellants**

**v.**

**8301 Maryland, LLC; The Medve Group, Inc., f/k/a J. Medve Investment & Management, Inc.; and Barton Hills Park Place Associates Limited Partnership, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT NO. GN401617, HONORABLE DARLENE BYRNE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Troy Lane Tate and Jorge Juarez (the "Tenants") sued appellees 8301 Maryland, LLC, The Medve Group, Inc., f/k/a J. Medve Investment & Management, Inc., and Barton Hills Park Place Associates Limited Partnerships (collectively the "Apartments"), for personal injury and property damage allegedly caused by mold in the apartment where they resided. In November 2003, the district court granted the Apartments' motion for summary judgment asserting that there was no evidence of medical causation in the Tenants' original mold lawsuit. The Tenants allege that they did not receive notice of the hearing on the motion for summary judgment and further complain that the district court dismissed not only their suit for personal injuries (based on lack of evidence of medical causation) but also their suit for property damages (which was not dependent on medical causation). The Tenants received notice of this summary judgment in time to file a motion for new trial and a notice of appeal but did neither.

In May 2004, after time for filing a motion for new trial or a notice of appeal had passed, the Tenants filed a petition for bill of review under a separate cause number, asking the district court to set aside the summary judgment in the earlier lawsuit. The Apartments again filed a motion for summary judgment, alleging that the Tenants were not entitled to equitable relief in their bill of review because they had failed to exhaust their legal remedies by not filing a motion for new trial, a notice of appeal, or a restricted appeal. The district court granted the Apartments' motion for summary judgment, dismissed the Tenants' bill of review and ordered that the Tenants take nothing from the Apartments.

On appeal, the Tenants do not argue that they are entitled to the equitable relief sought in their bill of review. Instead, they complain that the district court should have disregarded the title of their pleading; considered it to be, in substance, a timely notice of a restricted appeal in the earlier mold lawsuit, pursuant to Tex. R. App. P. 30; and granted them relief because they can show error on the face of the record. We will affirm the district court's summary judgment in the bill of review suit in favor of the Apartments.

**DISCUSSION**

The key to deciding this appeal is recognizing that the Tenants filed two separate lawsuits in the Travis County district court—the original mold suit and the subsequent suit for bill of review. This appeal is from the judgment entered in the bill of review lawsuit. The Tenants do not dispute that they fail to qualify for the equitable relief afforded by a bill of review. Generally, parties must allege and prove that they exercised due diligence in pursuing all adequate legal remedies against a former judgment to be entitled to seek bill of review relief. *Caldwell v. Barnes*,

2

975 S.W.2d 535, 537 (Tex. 1998); *Perdue v. Patton Corp.*, 142 S.W.3d 596, 604-06 (Tex. App.—Austin 2004, no pet.) ("One with an available appeal who fails to pursue that remedy is not entitled to seek relief by bill of review.") (citing *Rizk v. Mayad*, 603 S.W.2d 773, 775 (Tex. 1980)). The Tenants learned of the summary judgment in the mold lawsuit in time to file a motion for new trial or a notice of appeal, but they did neither.[1] Consequently, the Tenants were not entitled to seek relief by bill of review. *Caldwell*, 975 S.W.2d at 537; *Perdue*, 142 S.W.3d at 604-06. The Tenants do not dispute this fact.

Instead, they insist that the district court should have redesignated their bill of review pleading as a notice of restricted appeal in the original mold suit that should be docketed for review in this court of appeals. The Tenants rely on the proposition that a court of appeals has jurisdiction over an appeal if the appellant timely files an instrument in a bona fide attempt to invoke the appellate court's jurisdiction. *In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005). The Tenants can prevail only if the filing of a bill of review as a new lawsuit can be considered a bona fide attempt to invoke the jurisdiction of the court of appeals in a prior lawsuit.

In *K.A.F.*, the appellant argued that by filing a motion for new trial she had timely filed an instrument in a bona fide attempt to invoke the appellate court's jurisdiction. The supreme court disagreed, holding that a motion for new trial "simply does not qualify as such an attempt." *Id.* The supreme court noted that the purpose of a motion for new trial is for the trial court to grant relief, not to obtain appellate review of the judgment. *Id.* at 927-28. Thus, the supreme court held that a motion for new trial cannot serve as a substitute for a notice of appeal. *Id.* at 928.

---

[1] At the time the Tenants filed their bill of review, they could have timely filed a notice of restricted appeal in the first lawsuit.

3

A bill of review is an independent lawsuit that seeks relief from the trial court, not the appellate court. *See, e.g., Caldwell v. Barnes*, 154 S.W.3d 93, 98 (Tex. 2004) (ordering separate jury trial for bill of review issues). This is the relief the Tenants sought in their bill of review:

> Plaintiffs request that Defendants be cited to appear and answer; that the summary judgment granted in cause number GN210633 [the mold lawsuit] be set aside; that a new trial be granted; and that Plaintiffs have such other and further relief, at law or in equity as justice and equity might require.

They are asking the trial court to set aside the summary judgment in the mold lawsuit and grant a new trial. Like a motion for new trial, the filing of a bill of review does not constitute a bona fide attempt to invoke the appellate court's jurisdiction to review the judgment in the separate and distinct mold suit. *Cf. In re K.A.F.*, 160 S.W.3d at 927-28. A bill of review filed under a different cause number and seeking a remedy from the trial court is even less of a bona fide attempt to invoke the jurisdiction of the appellate court than a motion for new trial filed in the same lawsuit, which the supreme court has stated is insufficient. *See id.* Because a bill of review is a new and independent suit filed in and seeking relief from the trial court, we hold that it cannot be considered a bona fide attempt to perfect an appeal, even a restricted appeal, of the district court's judgment in the Tenants' original mold lawsuit.

## CONCLUSION

The district court properly granted the Apartments' motion for summary judgment in the bill of review and properly refused to consider that pleading a bona fide attempt to invoke the appellate court's jurisdiction in a restricted appeal from the summary judgment in the mold suit. We

overrule the sole issue on appeal and affirm the district court's take nothing judgment in the bill of review.

_____

Bea Ann Smith, Justice

Before Justices B. A. Smith, Patterson and Pemberton

Affirmed

Filed:  August 25, 2006