COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS







IN THE INTEREST OF A.M., 

A CHILD.

§
 
§
 
§
 
§
 
§

§


No. 08-09-00223-CV

Appeal from
 171st District Court

of El Paso County, Texas

(TC # 2008-1128)



 

 

 





O P I N I O N

            On March 19, 2008, Rogelio Marquez filed a petition for bill of review by which he sought
to set aside and vacate a default judgment entered against him in a suit affecting the parent-child
relationship. According to his petition, Marquez was entitled to relief because “Defendant
wrongfully obtained the Default Judgment in violation of Plaintiff’s due process by failing to
properly serve Plaintiff, failing to provide notice to Plaintiff.” After a hearing, the trial court denied
relief. Marquez has filed this appeal asking us to: (1) reverse the order denying his bill of review;
and (2) find the default judgment entered in February 2007 null and void because Marquez never
received proper service.


 For the reasons that follow, we affirm. 
FACTUAL SUMMARY
            Rogelio Marquez filed for divorce from Maria Cardenas in El Paso County in 2003. The
divorce became final in 2004 and the court awarded Marquez custody of the couple’s daughter. In
March 2005, Cardenas filed suit to modify the parent child relationship. On February 14, 2007, the
court entered a default judgment against Marquez. Marquez claims that he was never served with
process in that case or in any other post-divorce filings related to child custody.
            On March 19, 2008, well beyond the time to appeal the judgment, Marquez filed a petition
for bill of review, and in April 2009, Judge Bonnie Rangel held a hearing on his petition. After
hearing arguments by both sides, Marquez’s attorney called Marquez as a witness to “get some
evidence on the record” for appellate purposes. Marquez testified that he was originally represented
by Enrique Ramirez who had filed a special appearance


 and a motion to quash


 on his behalf. On
June 2, 2005, Associate Judge Jose Juarez held a hearing on Cardenas’ motion to modify and
determined that indeed service was defective. The hearing was reset for June 30, 2005. According
to Marquez, although his attorney may have appeared at that hearing, he did not. At that point, Judge
Juarez denied the special appearance.
            Ramirez withdrew as counsel and Claudio Flores, Jr. entered an appearance. Marquez
testified that even after Flores took over the case, he was still never served by his ex-wife. Flores
told Marquez he had filed several appeals but to the best of Marquez’s knowledge, those appeals
were never resolved. Marquez did appear both in person and through attorney Flores at a hearing
on temporary orders held five months later on November 22, 2005. Shortly before the February 2007
hearing at which Cardenas was awarded custody, Marquez retained H. Davidson Smith. 
BILL OF REVIEW PROCEEDINGS
            A bill of review is an independent equitable action brought by a party to a former action
seeking to set aside a judgment, which is no longer appealable or subject to motion for new trial. 
Tex.R.Civ.P. 329b(f); Caldwell v. Barnes, 154 S.W.3d 93, 96 (Tex. 2004)(Caldwell II); King
Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003); Wembley Investment Co. v. Herrera, 11
S.W.3d 924, 926-27 (Tex. 1999); Caldwell v. Barnes, 975 S.W.2d 535, 537 (Tex. 1998)(Caldwell
I); State v. 1985 Chevrolet Pickup Truck, 778 S.W.2d 463, 464 (Tex. 1989); Baker v. Goldsmith, 582
S.W.2d 404, 406 (Tex. 1979). The bill must state sufficient cause. 1985 Chevrolet, 778 S.W.2d at
464. Ordinarily, to establish sufficient cause, a defendant-petitioner must demonstrate: (1) a
meritorious defense; (2) justification for the failure to assert that defense; and (3) that the default
judgement was not rendered due to the fault or negligence of the defendant-petitioner. See Caldwell
II, 154 S.W.3d at 96. The petitioner must normally show that he exercised due diligence to assert
all adequate legal remedies before filing the bill of review. Caldwell I, 975 S.W.2d at 537. 
However, the absence of proper service alters the availability of a bill of review. Where, as here, a
defendant-petitioner claims a due-process violation (e.g., no effective service of process), the
defendant is not required to prove the first two elements of “sufficient cause” set out above. See
Caldwell II, 154 S.W.3d at 96-97; see Peralta v. Heights Med. Ctr., Inc., 485 U.S. 80, 86, 108 S.Ct.
896, 99 L.Ed.2d 75 (1988)(judgment rendered without service violates due process); see also Lopez
v. Lopez, 757 S.W.2d 721, 723 (Tex. 1988)(no need to prove meritorious defense where defendant
had no notice of trial setting). Stated differently, when a defendant claims he was not served with
process, he must only prove the third element (i.e., no fault or negligence). Caldwell II, 154 S.W.3d
at 97. The element is conclusively established if the party proves he was not served. Id.; Caldwell
I, 975 S.W.2d at 537; see Ross v. National Center for the Employment of the Disabled, 197 S.W.3d
795, 797 (Tex. 2006). This is true even if a party becomes aware of the proceedings and fails to
participate. A party who has acquired knowledge but was not properly served has no duty to
participate in the proceedings. Caldwell II, 154 S.W.3d at 97 n.1; Wilson v. Dunn, 800 S.W.2d 833,
837 (Tex. 1990)(“[M]ere knowledge of a pending suit does not place any duty on a defendant to
act.”). However, a meritorious defense must nevertheless be shown when nonreceipt is
uncorroborated or was the movant’s own fault. Fidelity & Guar. Ins. Co. v. Drewery Construction
Co, Inc., 186 S.W.3d 571, 574 (Tex. 2006).
            Marquez claims in his petition that he is entitled to a bill of review purely because of a due
process violation.


 His argument misses the mark. While he repeatedly claims he was not served
with the modification pleadings, the Texas Rules of Civil Procedure clearly provide that in this
procedural posture, service was unnecessary. Rule 120 provides that the defendant may, in person
or by attorney, enter an appearance in open court. Tex.R.Civ.P. 120. Marquez testified that Ramirez
filed pleadings on his behalf and appeared in court with regard to the motion to quash. Given that
Judge Juarez granted the motion due to defective service, Rule 122 then comes into play:
If the citation or service thereof is quashed on motion of the defendant, such
defendant shall be deemed to have entered his appearance at ten o’clock a.m. on the
Monday next after the expiration of twenty (20) days after the day on which the
citation or service is quashed and such defendant shall be deemed to have been duly
served so as to require him to appear and answer at that time, and if he fails to do so,
judgment by default may be rendered against him.

Tex.R.Civ.P. 122. Marquez cannot now complain that service of process was not completed. We
emphasize that he does not complain he lacked notice for the February 14 hearing. Indeed, attorney
Smith attended the hearing and sought a motion for continuance, clearly implicating knowledge of
the setting. Because Marquez has failed to meet his burden of proof, the trial court did not abuse its
discretion in denying the bill of review.


 We overrule the issue before us and affirm the judgment
of the trial court. 

June 22, 2011                                                              
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.