

# IN THE
# TENTH COURT OF APPEALS

---

## No. 10-12-00370-CV

## IN THE INTEREST OF F.B. III, M.B., AND J.B., CHILDREN

---

### From the 85th District Court
### Brazos County, Texas
### Trial Court No. 11-000439-CV-85

---

## MEMORANDUM OPINION

---

F.B., appellant, attempts to appeal from the trial court's order denying F.B.'s Motion to Set Aside Order Terminating Parental Rights Pursuant to Texas Family Code Section 161.211(c). The Clerk of this Court notified F.B. by letter dated October 29, 2012 that his appeal was subject to dismissal because it appeared the notice of appeal was untimely. The Clerk also warned F.B. that the Court may dismiss his appeal unless, within 21 days from the date of the letter, a response was filed showing grounds for continuing the appeal.

F.B. responded by alleging section 161.211 of the Texas Family Code permits him to attack the order of termination in the manner in which he did, simply by filing his

motion to set aside the judgment in the trial court, within six months from the date the termination order was signed, and when denied, "timely" filing a notice of appeal from the date of the denial. We disagree.

Section 161.211 provides in relevant part:

> Notwithstanding Rule 329, Texas Rules of Civil Procedure, the validity of an order terminating the parental rights of a person who has been personally served or who has executed an affidavit of relinquishment of parental rights or an affidavit of waiver of interest in a child or whose rights have been terminated under Section 161.002(b) is not subject to collateral or direct attack after the sixth month after the date the order was signed.

TEX. FAM. CODE ANN. § 161.211(a) (West 2008). Essentially, F.B.'s argument is that this statute is an independent method of pursuing a direct appeal from a termination judgment.

Although F.B. executed an affidavit of relinquishment of parental rights, we do not consider his motion to set aside the termination order a proper and timely means of a direct attack of the termination order. A timely permissible direct attack may include one pursuant to: 1) Rule 306a of the Texas Rules of Civil Procedure when a party does not receive notice of the judgment; 2) Rule 329 of the Texas Rules of Civil Procedure when a party is served by publication and did not appear in person or by attorney; and 3) a bill of review. Section 161.211 does not extend but may shorten the time period within which to attack the judgment. TEX. FAM. CODE ANN. § 161.211(a) and (b) (West xxxx); *see* TEX. R. CIV. P. 306a (90 day time limit); TEX. R. CIV. P. 329(a) (two year time

limit); *Caldwell v. Barnes*, 975 S.W.2d 535, 538 (Tex. 1998) (residual four-year statute of limitations applies to bills of review).

It appears from the record that F.B.'s counsel timely received notice from the trial court that the order of termination had been signed. Thus, Rule 306a does not apply to F.B's appeal. It does not appear from the record that F.B. was served by publication and even if he was, he appeared at the final hearing in person and with an attorney. Thus, Rule 329 does not apply to F.B.'s appeal. Thus, the only possible means of attack remaining for F.B. was by a bill of review. He did not avail himself to that means because his motion to set aside the termination order does not constitute a bill of review and he properly does not attempt to argue that it is. *See* TEX. R. CIV. P. 329b(f); *Caldwell v. Barnes*, 975 S.W.2d 535, 537-538 (Tex. 1998).

F.B. filed nothing more than what is a routine motion for rehearing which was untimely. Even if timely, it was not effective in extending the time in which to file a notice of appeal because this is an accelerated appeal; and such motions do not extend the time to file a notice of appeal. TEX. R. APP. P. 28.4(a)(1); 28.1(b). F.B. simply filed a routine notice of appeal. Because the notice of appeal is untimely, having been filed more than 20 days after the trial court's judgment was signed, we have no jurisdiction of this appeal, and it is dismissed.

Absent a specific exemption, the Clerk of the Court must collect filing fees at the time a document is presented for filing. TEX. R. APP. P. 12.1(b); Appendix to TEX. R. APP.

P., Order Regarding Fees (Amended Aug. 28, 2007, eff. Sept. 1, 2007). *See also* TEX. R. APP. P. 5; 10TH TEX. APP. (WACO) LOC. R. 5; TEX. GOV'T CODE ANN. §§ 51.207(b); 51.208 (West Supp. 2012); § 51.941(a) (West 2005). Under these circumstances, we suspend the rule and order the Clerk to write off all unpaid filing fees in this case. TEX. R. APP. P. 2. The write-off of the fees from the accounts receivable of the Court in no way eliminates or reduces the fees owed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Dismissed
Opinion delivered and filed November 29, 2012
[CV06]