**Conditionally Granted and Opinion Filed February 20, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-01137-CV

## IN RE T.D.B., Relator

**Original Proceeding from the 255th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-17-15640**

# MEMORANDUM OPINION
Before Justices Francis, Brown, and Whitehill
Opinion by Justice Francis

This is a parental termination case in which the biological mother terminated her parental rights, and, after the trial judge signed a termination order and an adoption judgment, the biological father, D.H., filed a bill of review. Judge Kim Cooks granted the bill of review at a status hearing without notice to both adoptive parents, and overturned the prior termination and adoption orders. Relator is one of the child's adoptive parents. In this original proceeding, relator seeks a writ ordering reinstatement of the termination order and adoption decree and dismissal of the bill of review proceeding. Before the Court are relator's petition, D.H.'s response and supplemental response, and relator's supplement to the petition. Because we conclude the trial court abused its discretion by granting the bill of review and vacating the termination and adoption orders, we conditionally grant the writ of mandamus.

## Background

J.D.M. was born January 12, 2017. The child's biological mother signed an affidavit of relinquishment on January 15, 2017. In it she agreed to terminate her parental rights, agreed to place the child for adoption with Little Flower Adoptions, and designated Little Flower Adoptions as Managing Conservator of the child. The biological mother also listed D.L.M. as the presumed father. On February 14, 2017, the Texas Department of State Health Service certified that it had conducted a diligent search of the Texas paternity registry and no notice of intent to claim paternity had been located concerning the child. On February 16, 2017, Judge Mary Brown[1] signed an order excluding D.L.M. as the biological father because D.L.M. was incarcerated at the time of conception. Judge Brown also signed a decree of termination on February 16 terminating the parent-child relationship between the child and the biological mother, terminating the parent-child relationship between the child and "any unknown, unnamed, and/or unidentified biological father," and appointing Little Flower Adoptions as the child's Managing Conservator. The adoption agency placed the child with K.L.B. and relator T.D.B. ("the adoptive parents"). The adoptive parents petitioned to adopt the child and, on July 21, 2017, Judge Brown signed a decree of adoption granting the adoption of the child by K.L.B. and relator T.D.B.

Before the adoption was finalized, however, the child's biological father, D.H., averred that he notified the adoption agency that he is the child's biological father. DNA samples were collected from the child and D.H. on July 10, 2017 and the results were notarized July 13, 2017. The results showed that D.H. cannot be excluded as the biological father and the probability of paternity is 99.99%.

---

[1] Judge Mary Brown is the presiding judge of the 301st Judicial District Court of Dallas, County Texas. The termination proceeding was filed in the 255th Judicial District Court of Dallas County, Texas. When Judge Brown signed the termination order, she was sitting for Judge Kim Cooks, the presiding judge of the 255th Judicial District Court.

D.H. filed a petition for bill of review on August 4, 2017. This was less than six months after the termination order was signed and two weeks after the adoption was finalized. D.H. argued in the bill of review that his due process rights were violated because Little Flower Adoptions did not serve him with notice of the termination proceeding. D.H. argued that section 161.002(b)(2) of the family code does not authorize an order terminating the parental rights of an alleged father whose identity is known to the agency at the time of the final hearing and order. He asked the court to vacate the termination order but did not seek any relief from the adoption decree. D.H. served his petition for bill of review on Little Flower Adoptions and relator but did not serve K.L.B., the other adoptive parent.

Judge Kim Cooks held a hearing on August 28, 2017. Counsel for D.H., relator, and Little Flower Adoptions told the Court that they each believed the hearing was simply a status conference to discuss the situation and to set the bill of review for trial. After hearing the arguments of counsel, Judge Cooks verbally granted the bill of review and stated that she was vacating the termination order and adoption order. Counsel expressed surprise at a ruling on the merits. D.H.'s counsel told the court that it was his understanding that there would not be a substantive hearing that day. Relator's counsel requested that the court not rule on the bill of review at that time because K.L.B. had not been served and was a necessary party. Relator's counsel also stated that relator thought the hearing was a pretrial, status conference rather than a hearing on the bill of review and anticipated that they would be given an opportunity to file motions for summary judgment before a trial on the bill of review. Over these objections, Judge Cooks verbally granted the bill of review and verbally vacated the termination order and the decree of adoption. She then set a date for trial and confirmed that the trial would be on termination of the parent/child relationship and not on the bill of review. Judge Cooks signed an order vacating the termination order and adoption decree on September 20, 2017. This original proceeding followed.

Judge Cooks has since issued additional orders in the case. On October 16, 2017, the court appointed D.H. temporary managing conservator of the child and removed the child from the adoptive parents' home. Nine days later, after reviewing drug test results in which D.H. tested positive for cocaine, codeine, oxycodone, hydrocodone, and marijuana, Judge Cooks granted the paternal grandmother's intervention and placed the child with the paternal grandmother. The orders permit the adoptive parents limited weekend visits with the child and prohibits D.H. and the biological mother from having access to the child.

Relying on this Court's opinion in *In re Baby Girl S.*, 407 S.W.3d 904 (Tex. App.—Dallas 2013, pet. denied), relator argues D.H. was not entitled to notice of the termination and adoption proceedings and did not carry his burden as to the requested bill of review. Relator seeks a writ directing Judge Cooks to dismiss D.H.'s bill of review proceeding with prejudice to the re-filing of the same and to reinstate the termination and adoption judgments.

## Standard of Review

To be entitled to mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004). "[A] clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). Mandamus is the appropriate remedy for a bill of review that was erroneously granted based on the lack of an adequate remedy by appeal. *See In re Texas Real Estate Comm'n*, No. 04-17-00379-CV, 2018 WL 521576, at *2 (Tex. App.—San Antonio Jan. 24, 2018, orig. proceeding) (citing *In re J.M., IV*, 373 S.W.3d 725, 728 (Tex. App.–San Antonio 2012, orig. proceeding).

## Bill of Review

A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by motion for new trial or appeal. *Caldwell v.*

*Barnes*, 975 S.W.2d 535, 537 (Tex.1998).  To set aside a judgment by bill of review, a petitioner must ordinarily plead and prove (1) a meritorious defense to the cause of action alleged to support the judgment, (2) that he was prevented from making by the fraud, accident, or wrongful act of his opponent, and (3) unmixed with any fault or negligence of his own.  *Id.*  If he was not served and was entitled to service, he is relieved from showing a meritorious defense, he is not required to show his opponent's fraud, accident, or wrongful act prevented him from presenting such a defense, and his own want of fault or negligence is established.  *Id.*

### Right to Notice

Texas has a paternity registry that allows an alleged father to register if he "desires to be notified of a proceeding for the adoption of or the termination of parental rights regarding a child that he may have fathered."  TEX. FAM. CODE ANN. § 160.402(a) (West Supp. 2017).  Under the family code, " '[a]lleged father' means a man who alleges himself to be, or is alleged to be, the genetic father or a possible genetic father of a child, but whose paternity has not been determined."  TEX. FAM. CODE ANN. § 101.0015(a) (West 2014).  The term alleged father does not include a presumed father.  *Id*. at § 101.0015(b)(1).  Any man who believes he may have fathered a child may register with the paternity registry before the child is born or not later than thirty-one days after the child's birth.  TEX. FAM. CODE ANN. § 160.402(a)(1),(2) (West Supp. 2017).  Moreover, any man is entitled to notice of an adoption or termination proceeding, regardless of whether he has registered, if (1) a father-child relationship has been established under chapter 160 or another law or (2) the man commences a proceeding to adjudicate his paternity before the court has terminated his rights.  TEX. FAM. CODE ANN. § 160.402(b) (West Supp. 2017).

As this Court explained in *Baby Girl S*, the provisions of Chapter 160 regarding the paternity registry work in conjunction with Chapter 161, which governs termination of the parent-child relationship.  *In re Baby Girl S.*, 407 S.W.3d at 910.  Under that statutory scheme, the rights

of an alleged father may be terminated if the child is under one year of age when the petition for termination or adoption is filed and he has not registered with the paternity registry under Chapter 160. TEX. FAM. CODE ANN. § 161.002(b)(3) (West Supp. 2017). In that instance, the alleged father does **not** have to be served personally or by publication nor is there any requirement to identify or locate him if he has not registered. TEX. FAM. CODE ANN. § 161.002(c–1) (West Supp. 2017). As we explained in *Baby Girl S:*

> the registry provides an alleged father with the means of asserting his rights without depending on the mother, the courts, or anyone else to identify him. By registering, an alleged father ensures he will be notified of any proceeding to adopt the child or to terminate his rights. It also provides a measure of privacy for the mother who, for any number of reasons, may not want to divulge the biological father's name. Finally, it reduces any delays in an adoption proceeding because an unknown father is either registered or he is not. If he is, he gets notice.

*In re Baby Girl S*., 407 S.W.3d at 914–15.

### Discussion

D.H. maintains that he was not served but was entitled to service and, as such, was relieved of proving the bill of review elements. We disagree. Here, the termination proceeding was filed when the child was under one year of age and the record shows that D.H. did not register with the paternity registry. Further, there is no evidence that a father-child relationship has been established under chapter 160 or any other law and it is undisputed that D.H. did not commence a proceeding to adjudicate his paternity before the court terminated his rights. Under those undisputed facts, D.H. was not entitled to notice of the termination proceeding. *See In re Baby Girl S*, 407 S.W.3d at 914-15. Because D.H. was not entitled to be served, he was not relieved of his burden of pleading and proving all elements of his bill of review. Here, D.H. presented no evidence in his pleadings or at the status hearing of a meritorious defense. The trial court, therefore, abused its discretion by granting the bill of review. The trial court also abused its discretion by granting the

bill of review without serving all necessary parties and without providing the required notice of trial to all parties.

Accordingly, we conditionally grant the writ of mandamus and direct the trial court to issue written rulings that (1) vacate its September 20, 2017 order granting the bill of review in trial court cause number DF-17-15640, (2) vacate all subsequent orders issued in trial court cause number DF-17-15640, (3) reinstate the February 16, 2017 termination order in trial court cause number 17-03084-S, (4) reinstate the July 21, 2017 adoption decree in trial court cause number 17-03351-S, and (5) return the child to the custody of the adoptive parents. The writ will issue if the trial court fails to comply with this opinion and the order of this date within seven (7) days of the date of this opinion.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

171137F.P05