

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00764-CV

Nancy **ALANIS**,
Appellant

v.

**WELLS FARGO BANK NATIONAL ASSOCIATION**, as Trustee for the Pooling and
Servicing Agreement Dated as of October 1, 2006 Securitized Asset-Backed Receivables LLC
Trust 2006-NC3 Mortgage Pass-Through Certificates Series 2006 NC3, Ocwen Loan Servicing,
LLC, and Mackie Wolf Zientz & Mann, PC,
Appellees

From the 438th Judicial District Court, Bexar County, Texas
Trial Court No. 2019-CI-03042
Honorable John D. Gabriel, Jr., Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:       Sandee Bryan Marion, Chief Justice
               Rebeca C. Martinez, Justice
               Irene Rios, Justice

Delivered and Filed: April 29, 2020

AFFIRMED

This is an appeal from a trial court's order granting Wells Fargo's motion for summary

judgment. Nancy Alanis argues the trial court erred by granting Wells Fargo's motion for

summary judgment and by dismissing her petition for bill of review and other causes of action.

We affirm the trial court's judgment.

## BACKGROUND[1]

In June of 2006, Alanis borrowed $193,500 from New Century Mortgage Company to purchase a home. Alanis signed a note secured by a deed of trust. Alanis's note and deed of trust were subsequently transferred and assigned to Wells Fargo.

In January of 2011, Alanis was sent notice of Wells Fargo's acceleration of the note and intent to foreclose. In February of 2011, Alanis filed suit, alleging numerous causes of action against Wells Fargo, Ocwen Loan Servicing, LLC, and Mackie Wolf Zientz & Mann, P.C. (collectively, "Wells Fargo"). Wells Fargo filed a counterclaim seeking a judicial foreclosure. Thereafter, Wells Fargo obtained a series of orders in their favor relating to various claims asserted by Alanis, culminating in a final judgment, dated March 3, 2016, which (1) granted Wells Fargo a judicial foreclosure, (2) declared that Alanis take nothing on her remaining claims, and (3) disposed of all remaining parties and claims. Alanis appealed, and this court affirmed the trial court's judgment. *Alanis*, 2018 WL 1610939, at *1.

On February 14, 2019, Alanis filed a petition for bill of review, seeking review of the same judgment that was the subject of her prior appeal. In addition to her bill of review, Alanis asserted various causes of action against Wells Fargo in her petition. Alanis then moved for a partial summary judgment on her bill of review. Wells Fargo moved for a no-evidence summary judgment on Alanis's bill of review and a traditional summary judgment on Alanis's other claims. The trial court granted Wells Fargo's summary judgment and denied Alanis's partial summary judgment. In its order, the trial court dismissed Alanis's bill of review with prejudice, declared that Alanis take nothing on her claims, and disposed of all remaining parties and claims. Alanis now appeals that judgment.

## STANDARD OF REVIEW

---

[1] The following is a brief summation of the underlying facts and the procedural history of the case. For a more thorough recitation of the underlying facts, *see Alanis v. Wells Fargo Bank Nat'l Ass'n*, No. 04-17-00069-CV, 2018 WL 1610939, at *1 (Tex. App.—San Antonio Apr. 4, 2018, pet. denied) (mem. op.).

We review a trial court's order granting summary judgment de novo. *Cmty. Health Sys. Prof'l Servs. Corp. v. Hansen*, 525 S.W.3d 671, 680 (Tex. 2017). When reviewing a summary judgment, we take evidence favorable to the nonmovant as true, and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.* at 680.

A party may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which the adverse party would have the burden of proof at trial. TEX. R. CIV. P. 166a(i). The trial court must grant the motion unless the adverse party produces more than a scintilla of summary judgment evidence raising a genuine issue of material fact on each of the challenged elements. *See King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). More than a scintilla of evidence is defined as evidence that "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Id.* (quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). Less than a scintilla of evidence exists when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of a fact. *Id.* (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)).

In a traditional motion for summary judgment, the moving party bears the burden of proving there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Hansen*, 525 S.W.3d at 681.

**ANALYSIS**

I.     *Bill of Review*

A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer appealable or subject to a motion for new trial. *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979). However, "a bill of review may not be used as an additional remedy by a litigant who has made a timely but unsuccessful appeal." *McIntyre v. Wilson*, 50 S.W.3d 674, 679 (Tex. App.—Dallas 2001, pet. denied). A bill of review complainant must prove (1) a meritorious defense to the underlying cause of action (2) that the complainant was prevented

from making by the fraud, accident, or wrongful act of the opposing party, (3) unmixed with any fault or negligence on the complainant's part. *Caldwell v. Barnes*, 975 S.W.2d 535, 537 (Tex. 1998). With respect to the fraud requirement, only extrinsic fraud will support a bill of review. *King Ranch, Inc.*, 118 S.W.3d at 752.

In her petition for bill of review, Alanis argues she was prevented from advancing a meritorious defense, claiming Wells Fargo forged mortgage records that effectuated an assignment of lien from New Century to Wells Fargo. According to Alanis, because of this alleged forgery, the assignment of lien from New Century to Wells Fargo was void; therefore, Wells Fargo lacked standing to seek a foreclosure.

However, as Wells Fargo urged in its no-evidence motion for summary judgment, Alanis was not prevented from advancing this defense. Alanis previously argued Wells Fargo lacked standing to seek a foreclosure in the trial court and subsequent appeal, categorizing her argument as one of "forgery." *See Alanis*, 2018 WL 1610939, at *2. In *Alanis*, this court recognized that Alanis "only had standing to challenge the assignment from New Century to Wells Fargo on grounds that would render the assignment void." Here, again, Alanis argues the assignment was "forged" because the New Century employees lacked authority to execute certain relevant documents. In *Alanis*, this court explained:

> The execution of a document by a person who lacks authority renders the document voidable, not void. . . . Because Alanis does not present any argument that would render the assignment from New Century to Wells Fargo void, she does not have standing to challenge the assignment to Wells Fargo . . . .

*Id.* (citations omitted). This court concluded Wells Fargo established its standing to seek a foreclosure. *Id.* Alanis may not attempt to relitigate this defense through a bill of review. *See McIntyre*, 50 S.W.3d at 679.

On this record, Alanis cannot show she was prevented from making a meritorious defense in the underlying cause of action. *See Tice v. City of Pasadena*, 767 S.W.2d 700, 705 (Tex. 1989)

(dismissing the complainant's bill of review because it "constitute[d] an attempt on the part of [the complainant] to relitigate the same issues which have already been litigated by the same parties and which have been decided by this court"); *Nabelek v. Bradford*, No. 14-04-01177-CV, 2006 WL 915824, at *2 (Tex. App.—Houston [14th Dist.] Apr. 6, 2006, pet. denied) (mem. op.) (affirming dismissal of appellant's bill of review where the court found that appellant was not prevented from asserting his defenses in the underlying action because he had previously asserted those same defenses in the trial and appellate court).

Accordingly, the trial court did not err in granting Wells Fargo's motion for summary judgment and denying Alanis's bill of review.[2]

## II.     Remaining Claims

In addition to her bill of review, Alanis asserts various causes of action against Wells Fargo in her petition.  In its motion for summary judgment, Wells Fargo argues these claims are barred by res judicata.

"Res judicata precludes relitigation of claims that have been finally adjudicated, or that arise out of the same subject matter and that could have been litigated in the prior action." *Amstadt v. U. S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996).  To establish its entitlement to summary judgment on the affirmative defense of res judicata, Wells Fargo is required to prove: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) the identity of the parties, or those in privity with them; and (3) a second action based on the same claims which were raised, or could have been raised, in the first action. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).  In determining whether the second action is based on the same claims which were raised, or could have been raised, in the first action, "[w]e apply the transactional approach to res

---

[2] Additionally, Alanis contends the trial court erred in sustaining Wells Fargo's objections to her summary judgment evidence.  We need not address whether the trial court erred in sustaining Wells Fargo's objections because the exclusion of Alanis's summary judgment evidence did not result in the rendition of an improper judgment. *See Spradlin v. State*, 100 S.W.3d 372, 381 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (first citing TEX. R. APP. P. 44.1(a)(1); then citing *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753–54 (Tex. 1995)).

judicata, which requires claims arising out of the same subject matter to be litigated in a single lawsuit." *Hallco Tex., Inc. v. McMullen County*, 221 S.W.3d 50, 58 (Tex. 2006). "A determination of what constitutes the subject matter of a suit necessarily requires an examination of the factual basis of the . . . claims in the prior litigation." *Barr v. Resolution Tr. Corp. ex rel. Sunbelt Fed. Savs.*, 837 S.W.2d 627, 630 (Tex. 1992).

Here, there was a prior final judgment on the merits by a court of competent jurisdiction. *See Alanis*, 2018 WL 1610939, at *1. Wells Fargo and Alanis were parties to the prior suit and are parties to this suit. Both in the prior suit and in the present suit, Alanis's complaints arise out of Wells Fargo's alleged wrongful foreclosure. Both in the prior suit and in the present suit, Wells Fargo's alleged wrongful foreclosure is premised on the same alleged forgery of the same documents allegedly executed by the same persons. We conclude that Alanis's claims in the present suit involve the same subject matter as the prior suit and are, therefore, barred by res judicata. *See Amstadt*, 919 S.W.2d at 652.

Accordingly, the trial court did not err in granting Wells Fargo's motion for summary judgment and dismissing Alanis's remaining claims.

### III.     Motion to Quash

Alanis contends the trial court erred when it granted Wells Fargo's motion to quash Alanis's written discovery requests. A trial court's discovery rulings are reviewed for an abuse of discretion. *Gen. Tire, Inc. v. Kepple*, 970 S.W.2d 520, 526 (Tex. 1998). A trial court abuses its discretion when it acts arbitrarily or unreasonably or without reference to any guiding rules or principles. *Id.*

A review of Alanis's written discovery requests in the present suit indicates Alanis sought additional information surrounding the assignment from New Century to Wells Fargo. In light of our holding in *Alanis* that the assignment from New Century to Wells Fargo was facially valid and that Alanis lacked standing to challenge the assignment, we cannot conclude the trial court abused

its discretion in granting Wells Fargo's motion to quash written discovery requests that concern the same subject matter. *See Alanis*, 2018 WL 1610939, at \*2; *see also Miller v. State & Cty. Mut. Fire Ins. Co.*, 1 S.W.3d 709, 717 (Tex. App.—Fort Worth 1999, pet. denied) (holding the trial court did not abuse its discretion in granting a motion to quash where extensive discovery had been conducted on the same issues in the prior suit).[3]

## CONCLUSION

We affirm the trial court's judgment.

Rebeca C. Martinez, Justice

---

[3] Alanis also argues the trial court granted Wells Fargo's motion for summary judgment without adequate time for discovery. Alanis has failed to preserve this complaint for our review. *See Willms v. Ams. Tire Co.*, 190 S.W.3d 796, 807 (Tex. App.—Dallas 2006, pet. denied) ("In order to preserve a complaint that the summary judgment was premature, the party claiming it did not have adequate time for discovery must file either an affidavit explaining the need for further discovery or a verified motion for continuance." (citing *Tenneco, Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996))).